**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50317 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00243-CJC-1 |
| v. | |
| ROSE MARIA RAY, AKA Gloria Lujan, AKA Rose Ray, AKA Rosi Ray, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

Rose Ray appeals a ninety-seven month custodial sentence imposed for one

count of wire fraud under 18 U.S.C. § 1343.

1. The district court did not procedurally err. We need not decide whether to

review for abuse of discretion or plain error. *See United States v. Carty*, 520 F.3d

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

984, 993 (9th Cir. 2008) (en banc); *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). We would affirm under either standard.

a. The district court adequately considered "the need to provide restitution to [the] victims of the offense." 18 U.S.C. § 3553(a)(7). As required, the district court made "an individualized determination based on the facts." *Carty*, 520 F.3d at 991. To obtain restitution funding, Ray negotiated a $2.5 million loan. However, the potential lender would only loan the money if Ray received a non-custodial sentence. Given this condition on the loan, choosing between a custodial and non-custodial sentence would effectively disapprove or approve the loan.

The district court also explained that it needed to give weight to § 3553(a) factors other than restitution, discussing the need to provide punishment and deterrence and to protect the public from a financial fraud repeat offender. Thus, the district court adequately considered and explained why it rejected Ray's position that her sentence should leave her free to work during the day. *See id.* at 992-93.

Contrary to Ray's contention, the district court considered Ray's attempt to provide restitution as a mitigating factor, not an aggravating factor. The district court discussed other mitigating factors—Ray's husband's health and Ray's abusive childhood.

b. The district court also adequately explained why it varied above the Guidelines range, *see id.*, discussing several aggravating factors at length, including: (i) Ray's prior financial fraud convictions, which were not part of the Guidelines calculation; (ii) the manner in which Ray carried out her scheme; and (iii) the extent of harm her victims suffered.

c. The district court did not "select[] a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). Regarding obstruction of justice, the record reflects Ray bribed a victim to not consult the FBI and threatened another with deportation. With respect to her leadership role, Ray's sentencing papers and the government's exhibits identify several individuals who recruited investor-victims for Ray.

2. Under abuse of discretion review, *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009), the district court did not impose a substantively unreasonable sentence. *See Carty*, 520 F.3d at 993. A "sentence outside the Guidelines [range] carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). Given the aggravating factors, a sentence ten months above the high end of the advisory Guidelines calculation was reasonable. *See Gall*, 552 U.S. at 51.

3

The district court applied facts independent from those underlying the Guidelines calculation (e.g., two earlier financial fraud convictions and Ray's management role in the Ponzi scheme). Moreover, a district court may rely on "some of the [same] facts . . . already taken into account by the Guidelines" to support a variation above the Guidelines range. *United States v. Lichtenberg*, 631 F.3d 1021, 1027 (9th Cir. 2011).

3. Ray waived her claim that the district court improperly imposed restitution as a condition of her custodial sentence, because she provided no argument in this court on the issue. *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 n.18 (9th Cir. 2000). In any event, the law allows the district court to impose restitution as a condition of a custodial sentence.

**AFFIRMED.**